IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY BRODZKI, § | |
|      Plaintiff, § | |
| § | 3:09-CV-2208-B |
| v. § | |
| § | |
| UPS § | |
|      Defendant. § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff filed this complaint alleging UPS violated his civil rights. He states he went to a job interview with UPS on November 17, 2009. His complaint is unclear and disjointed, but he seems to state the interviewer knew about his headaches, which were caused by "someone in the proximity of UPS," and contained electronic harassment. Plaintiff alleges the interviewer violated his civil rights. He seeks money damages. The Court did not issue process, pending preliminary screening.

**SCREENING**

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**DISCUSSION**

Plaintiff states this complaint is filed under 18 U.S.C. §§ 242 and 245. Those statutes, however, are criminal statutes that do not provide a private right of action. *See Ali v. Shabazz*, No. 93-2495, 1993 WL 456323 (5th Cir. Oct. 28, 1993) (unpublished).

Additionally, to the extent Plaintiff is attempting to assert a civil rights claim under 42 U.S.C. § 1983, his claim also fails. Under § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to allege or show that UPS acted under color of state law. His claims under § 1983 should be dismissed.

Finally, to the extent that Plaintiff is alleging that UPS has violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, he has failed to show that he exhausted his administrative remedies. A plaintiff alleging a violation of Title VII must exhaust his administrative remedies before filing suit. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a

statutory notice of the right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Because Plaintiff has failed to allege that he exhausted his administrative remedies, his Title VII claims should be dismissed without prejudice.

## **RECOMMENDATION**

The Court recommends that Plaintiff's Title VII claims be dismissed without prejudice and that all other claims be dismissed with prejudice.

Signed this 9th day of December, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).